IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PAR PHARMACEUTICAL, INC., PAR STERILE PRODUCTS, LLC, and ENDO PAR INNOVATION COMPANY, LLC,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>EAGLE PHARMACEUTICALS INC.,<br><br>　　　　　Defendant. | )<br>)<br>)<br>)<br>) C. A. No. 18-cv-823-CFC<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## SCHEDULING ORDER

This _____ day of October, 2018, the Court having conducted an initial Rule 16(b) scheduling conference pursuant to Local Rule 16.1(b), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration:

IT IS ORDERED that:

1. <u>Rule 26(a)(1) Initial Disclosures</u>.  Unless otherwise agreed to by the parties, the parties shall make their initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) within five days of the date of this Order.

2. <u>Joinder of Other Parties and Amendment of Pleadings</u>.  All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before <u>June 7, 2019</u>.

3. <u>Discovery</u>.

　　a.　　Disclosures

　　　　i.　　By October 16, 2018, Plaintiff shall identify the accused product(s), including accused methods and systems, and its damages model, as well as the

asserted patent(s) that the accused product(s) allegedly infringe(s). Plaintiff shall also produce the file history for each asserted patent.

      ii.      By November 16, 2018, Defendant shall produce core technical documents related to the accused product(s), sufficient to show how the accused product(s) work(s), including specifically its ANDA, any amendments or supplements thereto, and any correspondence with FDA related thereto.

      iii.      By December 19, 2018, Plaintiff shall produce an initial claim chart relating each known accused product to the asserted claims each such product allegedly infringes.

      iv.      By January 23, 2019, Defendant shall produce its initial invalidity contentions for each asserted claim, as well as the known related invalidating references.

      v.      By June 7, 2019, absent agreement among the parties, and approval of the Court, the parties must finally supplement, *inter alia*, the identification of all accused products and of all invalidity references

      vi.      By July 25, 2019 (or 15 days after the Court's claim construction ruling, whichever is later), Plaintiff shall provide final infringement contentions.

      vii.      By July 25, 2019 (or 15 days after the Court's claim construction ruling, whichever is later), Defendant shall provide final invalidity contentions.

      b.      <u>Discovery Cut Off</u>.  All fact discovery in this case shall be initiated so that it will be completed on or before <u>August 26, 2019</u>.

      c.      <u>Document Production</u>.  Document production shall be substantially completed on or before <u>March 20, 2019</u>.

        d.       <u>Requests for Admission</u>.  No limitation on the number of requests for admissions shall be set at this time.  This is without prejudice to the right of any party to seek a protective order pursuant to Rule 26(c) with respect to requests for admissions.

        e.       <u>Interrogatories</u>.  A maximum of <u>25</u> interrogatories, including contention interrogatories, are permitted for each side.

        f.       <u>Depositions</u>.

        i.       <u>Limitation on Hours for Deposition Discovery</u>.  Each side is limited to a total of <u>70</u> hours of taking testimony by deposition upon oral examination.

        ii.       <u>Location of Depositions</u>.  Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district.  Exceptions to this general rule may be made by order of the Court or by agreement of the parties.  A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.  The parties have agreed that the depositions of a party's witnesses may be taken either at the offices of that party's counsel or another location convenient to the witness's home or work.

    4.       <u>Application to Court for Protective Order</u>.  Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within twenty days from the date of this Order.

    Any proposed protective order must include the following paragraph:

> <u>Other Proceedings</u>.  By entering this order and limiting the disclosure of information in this case, the Court does not intend to

preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

5. <u>Disputes Relating to Discovery Matters and Protective Orders</u>.  Should counsel find they are unable to resolve a dispute relating to a discovery matter or protective order, the parties shall contact the Court's Case Manager to schedule an in-person conference/argument.  Unless otherwise ordered, by no later than 48 hours prior to the conference/argument, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and the party's position on those issues.  The party shall submit as attachments to its letter (1) an averment of counsel that the parties made a reasonable effort to resolve the dispute and that such effort included oral communication that involved Delaware counsel for the parties, and (2) a draft order for the Court's signature which identifies with specificity the relief sought by the party.  By no later than 24 hours prior to the conference/argument, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition.  Should any document(s) be filed under seal, a courtesy copy of the sealed document(s) must be provided to the Court within one hour of e-filing the document(s).  If a motion concerning a discovery matter or protective order is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the procedures set forth in this paragraph.

6. <u>Papers Filed Under Seal</u>.  When filing papers under seal, counsel shall deliver to the Clerk an original and one copy of the papers.  A redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

7. <u>Courtesy Copies</u>.  The parties shall provide to the Court two courtesy copies of all briefs and one courtesy copy of any other document filed in support of any briefs (*i.e.*, appendices, exhibits, declarations, affidavits *etc.*).  This provision also applies to papers filed under seal.

8. <u>Claim Construction Issue Identification</u>.  On or before <u>February 4, 2019</u>, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction.  On <u>February 20, 2019</u>, the parties shall exchange a list of proposed constructions for each claim term/phrase identified by a party as being in need of construction, along with the identity of all intrinsic evidence on which the party may rely in support of its proposed construction of each term/phrase.  On <u>February 27, 2019</u>, the parties shall exchange an identification of all intrinsic evidence that each party intends to rely upon to oppose any other party's proposed construction.  Subsequent to exchanging these documents, the parties will meet and confer to prepare a Joint Claim Construction Chart to be filed no later than <u>February 28, 2019</u>.  The Joint Claim Construction Chart, in Word format, shall be e-mailed simultaneously with filing to cfc_civil@ded.uscourts.gov.  The text for the Joint Claim Construction Chart shall be 14-point and in a Times New Roman or similar typeface.  The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions.  A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart.  In this joint submission, the parties shall not provide argument.

9. <u>Claim Construction Briefing</u>.  The Plaintiff shall serve, but not file, its opening brief, not to exceed 5,500 words, on <u>March 22, 2019</u>.  The Defendant shall serve, but not file, its

answering brief, not to exceed 11,000 words, on <u>April 5, 2019</u>.  The Plaintiff shall serve, but not file, its reply brief, not to exceed 8,250 words, on <u>April 12, 2019</u>.  The Defendant shall serve, but not file, its sur-reply brief, not to exceed 2,750 words, on <u>April 19, 2019</u>.  The text for each brief shall be 14-point and in a Times New Roman or similar typeface.  Each brief must include a certification by counsel that the brief complies with the type and number limitations set forth above.  The person who prepares the certification may rely on the word count of the word-processing system used to prepare the brief.

No later than <u>April 26, 2019</u>, the parties shall file a Joint Claim Construction Brief.  The parties shall copy and paste their untitled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

## JOINT CLAIM CONSTRUCTION BRIEF

I.      Agreed-upon Constructions

II.     Disputed Constructions

     A.     [TERM 1]

          1.     Plaintiff's Opening Position
          2.     Defendant's Answering Position
          3.     Plaintiff s Reply Position
          4.     Defendant's Sur-Reply Position

     B.     [TERM 2]

          1.     Plaintiff s Opening Position
          2.     Defendant's Answering Position
          3.     Plaintiff's Reply Position
          4.     Defendant's Sur-Reply Position

Etc.  The parties need not include any general summaries of the law relating to claim construction.  If there are any materials that would be submitted in an appendix, the parties shall submit them in a Joint Appendix.

10. Hearing on Claim Construction. Beginning at 9:00 a.m. on May 21, 2019, the Court will hear argument on claim construction. Absent prior approval of the Court (which, if it is sought, must be done so by joint letter submission no later than the date on which answering claim construction briefs are due to be served), the parties shall not present testimony at the argument, and the argument shall not exceed a total of three hours.

11. <u>Disclosure of Expert Testimony</u>.

a. <u>Expert Reports</u>. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before <u>September 16, 2019</u>. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before <u>October 25, 2019</u>. Reply expert reports from the party with the initial burden of proof are due on or before <u>November 10, 2019</u>. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Depositions of experts shall be completed on or before <u>December 13, 2019</u>.

b. <u>Objections to Expert Testimony</u>. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than <u>January 10, 2020</u>, unless otherwise ordered by the Court.

12. <u>Case Dispositive Motions</u>.

Absent agreement between the parties, the Court will not hear case dispositive motions in this ANDA case.

13. <u>Applications by Motion</u>.  Except as otherwise specified herein, any application to the Court shall be by written motion.  Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

14. <u>Pretrial Conference</u>.  On May 7, 2020, the Court will hold a Rule 16(e) final pretrial conference in Court with counsel beginning at 4:30 p.m.  The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5:00 p.m. on the third business day before the date of the final pretrial conference.  Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.

15. <u>Motions *in Limine*</u>.  Motions *in limine* shall not be separately filed.  All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order.  Each party shall be limited to three *in limine* requests, unless otherwise permitted by the Court.  The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the *in limine* request may add a maximum of one additional page in reply in support of its request.  If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three-page submission (and, if the moving party, a single one-page reply).  No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

16.     <u>Jury Instructions, Voir Dire and Special Verdict Forms</u>.  Where a case is to be tried to a jury, pursuant to Local Rules 47.l(a)(2) and 51.1, the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms no later than 5:00 p.m. on the third business day before the date of the final pretrial conference.  The parties shall submit simultaneously with filing each of the foregoing four documents in Word format to cfc_civil@ded.uscourts.gov.

17.     <u>Trial</u>.  This matter is scheduled for a five (5) day bench trial beginning at 9:00 a.m. on May 18, 2020, with the subsequent trial days beginning at 9:30 a.m.  Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m.  The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

18.     <u>ADR Process</u>.  This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

                                                                                  _____
                                                                                  UNITED STATES DISTRICT JUDGE