IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PAR PHARMACEUTICAL, INC., PAR STERILE PRODUCTS, LLC and ENDO PAR INNOVATION COMPANY, LLC,<br><br>      Plaintiffs,<br><br>    v.<br><br>EAGLE PHARMACEUTICALS INC.,<br><br>      Defendant. | Civil Action No. 18-823-CFC |

## **STIPULATED DISCOVERY ORDER**

After conferring on these matters, the Parties hereby propose to the Court the following stipulated discovery order ("Discovery Order") for production of electronic and paper documents.

IT IS HEREBY ORDERED:

1. This Discovery Order supplements all other discovery rules and orders, including the Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI") ("Default Standard") and the Protective Order in this case, except where explicitly stated otherwise.[1] It streamlines ESI production to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1.

2. The Parties hereby agree to the following protocol for production of ESI and paper ("hardcopy") documents (collectively "Documents"). The Discovery Order and the Protective

---

1   In the event of any conflict between this Discovery Order and the Protective Order, this Discovery Order shall control, except where explicitly stated otherwise.

1

Order in the above captioned matter shall govern all production in the above-captioned matter, including any appeal therefrom.

3. This Order may be modified in the Court's discretion or by agreement of the parties. If the parties cannot resolve their disagreements regarding such modifications, the parties shall submit their competing proposals to of the Court in accordance with the Court's discovery dispute procedures.

4. **Proportionality:** Parties are expected to use reasonable, good faith and proportional efforts to preserve, identify and produce relevant information. This includes identifying appropriate limits to discovery, including limits on custodians, identification of relevant subject matter, phased discovery, time periods for discovery and other parameters to limit and guide preservation and discovery issues.

5. Absent a showing of good cause, discovery shall be limited to a term of 6 years before the filing of the complaint, except that discovery related to asserted prior art or the conception and reduction to practice of the inventions claimed in any patent-in-suit shall not be so limited.

6. **ESI Collection:** Nothing in this Order shall require a producing party to utilize any particular collection protocol for any particular population of ESI or entire ESI data source. For avoidance of doubt, targeted collection without the use of search terms may be used to collect potentially relevant documents from an ESI data source.

7. If the Producing Party elects to use search terms to locate potentially responsive ESI, it shall disclose the search terms to the Requesting Party. Absent a showing of good cause or agreement by the parties, a Requesting Party may request no more than ten (10) additional terms to be used in connection with the electronic search. The additional terms or queries, if any, must

be provided by the requesting party within 14 days of receipt of the Producing Party's proposed search terms. Focused terms, rather than over-broad terms, shall be employed. If any search term(s) result in overly broad results and/or an unreasonable number of false hits, the Producing Party will operate in good faith to refine or modify such term(s) and will meet and confer with the requesting party regarding same. The producing party shall search (i) the non-custodial data sources identified in accordance with Paragraph 3(b) of the Default Standard; and (ii) emails and other ESI maintained by the custodians identified in accordance with Paragraph 3(a) of the Default Standard. The parties agree to meet and confer in good faith, if necessary, regarding the selection of terms to ensure the terms are sufficiently tailored to capture documents relevant to the above-captioned litigation. If the parties cannot agree on search terms after reasonable, good-faith negotiations, the Requesting Party may seek relief in accordance with the Court's discovery dispute procedures. Absent agreement of the parties or good cause, the parties shall not produce emails from more than eight custodians.

8. **ESI Production:** Documents shall be produced on external hard drives, readily accessible computer(s), other electronic media ("Production Media") or via secure FTP transfer. Each piece of Production Media, to the extent there is Production Media, shall identify a production number corresponding to the production volume (e.g., "VOL001", "VOL002"). Each piece of production media shall also identify: (1) the Producing Party's name; (2) the production date; and (3) the Bates Number range of the materials contained on the Production Media.

9. The parties will use their best efforts to filter out common system files and application executable files by using a commercially reasonable hash identification process. Flash values that may be filtered out during this process are located in the National Software Reference Library ("NSRL") NIST hash set list.

10. To manage the costs associated with the review, production, and storage costs of duplicative Documents for both Plaintiffs and Defendant, the Parties have agreed to a global deduplication of Documents using commercially acceptable methods (e.g., MD5 or SHA-1 hash values) to identify duplicate ESI. The Producing Party will de-duplicate email at a family level (i.e., parent email plus child attachments), custodial and non-custodial ESI will be de-duplicated based on MD5 or SHA-1 hash values (at the document level). The Producing Party will provide the name of each custodial or non-custodial data source that had the document being de-duplicated in the "Duplicate Custodian" metadata field, as set forth in Paragraph 14, such that the Receiving Party can properly identify the existence of duplicate Document. The Duplicate Custodian field shall be supplemented on a timely basis when additional duplicates are identified and not produced.

11. **Email Threads:** Email threads are email communications that contain prior or lesser-included email communications that also may exist separately in the party's electronic document collection. A most-inclusive email is one that contains unique content and all of the lesser-included emails, including attachments, for that branch of the email thread. The parties agree that removal of lesser-included versions from potential production will reduce all parties' costs of document review, production, and litigation-support hosting. Accordingly, each party may produce or list on any required privilege log only the most inclusive email threads. Following production of the most inclusive email threads, and for good cause, a Requesting Party may make reasonable requests for metadata associated with individual prior-in-time and lesser-included emails within specifically identified most inclusive email threads. The Producing Party shall respond reasonably to such requests.

For emails with attachments, the hash value is generated based on the parent/child document grouping. A party may also de-duplicate "near-duplicate" email threads as follows: In

an email thread, only the final-in-time document need be produced, assuming that all previous emails in the thread are contained within the final message. Where a prior email contains an attachment or contains a bcc recipient, that email and attachment shall not be removed as a "near-duplicate." To the extent that de-duplication through MD5 or SHA-1 hash values is not possible, the parties shall meet and confer to discuss any other proposed method of de-duplication.

Parent-child relationships (*e.g.*, the associations between emails and their attachments) will be preserved. Email and other ESI attachments will be produced as independent files immediately following the parent email or ESI record. Parent-child relationships will be identified in the load files containing the relevant metadata set forth in Paragraph 14.

12. **ESI Format:** The parties shall produce their ESI and non-ESI information in the following format: single page TIFF images and associated multi-page text files containing extracted text or OCRd, with Summation, Concordance/Relativity, and Opticon load files containing all requisite information including relevant metadata.

13. For Paper (hard copy) documents, these text files and image load files should indicate page breaks, to the extent possible. The metadata values to be produced in the metadata load file are as follows:

BEGBATES

ENDBATES

BEGATTACH

ENDATTACH

CUSTODIAN

14. For ESI, each of the metadata and coding fields set forth below that can be extracted shall be produced for that document. The parties are not obligated to populate manually any of the fields identified in this paragraph if such fields cannot be extracted from a document, with the

exception of the following: (a) BEGBATES, (b) ENDBATES, (c) BEGATTACH, (d) ENDATTACH; (e) CONFIDENTIALITY, which should be populated by the party or the party's vendor.  The parties will make reasonable efforts to ensure that metadata fields automatically extracted from the documents are correct, however; the parties acknowledge that such metadata may not always be accurate and might instead contain irrelevant or incorrect information generated during the collection process.  The parties are obligated to provide the following metadata (or the equivalent thereof) for all ESI produced, to the extent such metadata exists and are extractable:

| Field Name | Field Description |
| --- | --- |
| BEGBATES | Beginning Bates number as stamped on the production image |
| ENDBATES | Ending Bates number as stamped on the production image |
| BEGATTACH | First production Bates number of the first document in a family |
| ENDATTACH | Last production Bates number of the last document in a family |
| CUSTODIAN | Individual or source from whom the documents originated, if applicable |
| DUPLICATECUSTODIAN FIELD | All other custodians who have the document in their files and which was de-duped out of the production (if the party uses global de-duplication) |
| FILEPATH | The unique location for the document |
| SUBJECT | Subject line of email |
| DATESENT | Date email was sent (format: MM/DD/YYYY) |
| TIMESENT | Time email was sent (format: HH:MM:SS) |
| DATERECEIVED | Date email was received (format: MM/DD/YYYY) |
| TIMERECEIVED | Time email was received (format: HH:MM:SS) |
| TO | All recipients that were included on the "To" line of the email |
| FROM | The name and email address of the sender of the email |
| CC | All recipients that were included on the "CC" line of the email |
| BCC | All recipients that were included on the "BCC" line of the email |
| AUTHOR | Any value populated in the Author field of the document properties |
| FILENAME(Edoc only) | Filename of an electronic document |
| DATEMOD (Edoc only) | Date an electronic document was last modified (format: MM/DD/YYYY) |
| DATECREATED (Edoc only) | Date the document was created (format: MM/DD/YYYY) |
| FILEEXTENSION | The native file type of the document (e.g. .xls, .pdf, .doc) |
| MD5 or SHA-1 HASH | 128 bit hash value |
| CONFIDENTIALITY | Confidentiality Designation under the Stipulated Protective Order |

15. The parties agree that spreadsheet files (*e.g.*, documents in Microsoft Excel or CSV format) shall be produced in native format. The parties also agree to make initial production of documents in black and white unless, upon review before production, the Producing Party identifies that production in black and white will make the document substantially difficult to read or decipher (*e.g.*, a document containing relevant color diagrams or other pictographic images should be produced in color where features in those diagrams or images become difficult to distinguish when rendered in black and white or where color features add meaning that cannot be discerned from a copy in black and white). The parties agree to meet and confer in good faith regarding any party's request that specific documents or files be produced in native format, in color, or in some other form or format appropriate to the original document. The parties further agree that should a party choose to use a color version of a produced document at trial, the producing party shall provide a color version of the produced document to opposing counsel prior to its use at trial.

    A. **Image Load File** shall contain the following comma-delimited fields: BEGBATES, VOLUME, IMAGE FILE PATH, DOCUMENT BREAK, FOLDER BREAK, BOX BREAK, PAGE COUNT

    B. **Metadata Load File** shall be delimited according to the following characters:
- Delimiter = (ASCII:0020)
- Text-Qualifier = (ASCII:00254)

    C. The following fields will appear in the metadata load file in the order displayed below:

| Field Name | Field Description |
|---|---|
| BEGBATES | Beginning Bates number as stamped on the production image |
| ENDBATES | Ending Bates number as stamped on the production image |
| BEGATTACH | First production Bates number of the first document in a family |
| ENDATTACH | Last production Bates number of the last document in a family |
| CUSTODIAN | Individual or source from whom the documents originated, if applicable |

| Field Name | Field Description |
|---|---|
| DUPLICATECUSTODIAN FIELD | All other custodians who have the document in their files and which was de-duped out of the production (if the party uses global de-duplication) |
| FILEPATH | The unique location for the document |
| SUBJECT | Subject line of email |
| DATESENT | Date email was sent (format: MM/DD/YYYY) |
| TIMESENT | Time email was sent (format: HH:MM:SS) |
| DATERECEIVED | Date email was received (format: MM/DD/YYYY) |
| TIMERECEIVED | Time email was received (format: HH:MM:SS) |
| TO | All recipients that were included on the "To" line of the email |
| FROM | The name and email address of the sender of the email |
| CC | All recipients that were included on the "CC" line of the email |
| BCC | All recipients that were included on the "BCC" line of the email |
| AUTHOR | Any value populated in the Author field of the document properties |
| FILENAME(Edoc only) | Filename of an electronic document |
| DATEMOD (Edoc only) | Date an electronic document was last modified (format: MM/DD/YYYY) |
| DATECREATED (Edoc only) | Date the document was created (format: MM/DD/YYYY) |
| FILEEXTENSION | The native file type of the document (e.g. .xls, .pdf, .doc) |
| MD5 or SHA-1 HASH | 128 bit hash value |
| CONFIDENTIALITY | Confidentiality Designation under the Stipulated Protective Order |

16.     **Preservation of Discoverable Information:** A party has a common law obligation to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody or control. The provisions of the Default Standard regarding preservation of discoverable information shall apply in this case, unless explicitly contradicted by the terms of this Order.

17.     Absent a showing of good cause, the parties shall not be required to modify, on a going-forward basis, the procedures used by them in the ordinary course of business to back up and archive data; provided, however, that the parties shall preserve the non-duplicative discoverable information currently in their possession, custody or control.

18. The Parties agree that, absent good cause and subject to the provisions below, categories 1 through 13 of ESI identified in Schedule A of the Default Standard as well retired computers, software application logs, broken hard drives, legacy systems, disconnected data, obsolete or retired hardware or software, backup tapes or drives, deleted or corrupted files or file fragments, or electronic files with unknown file extensions, unknown password protections, or viruses are deemed unavailable and need not be preserved nor searched. For the avoidance of doubt, notwithstanding the inclusion of categories 8 and 9 of ESI identified in Schedule A, emails and other electronic data that are saved anywhere other than solely on mobile devices will not be deemed unavailable merely because they are also saved on a mobile device. Further, notwithstanding the inclusion of category 4 of ESI identified in Schedule A, the parties are obligated to provide the metadata (or the equivalent thereof) for all ESI produced, in accordance with Paragraph 14 of this Order, to the extent such metadata exists and are extractable. Nothing in this section shall limit a Receiving Party's right to request from a Producing Party more information about the nature of and burden associated with obtaining documents from a particular location.

19. **Privilege:** The parties are to confer on the nature and scope of privilege logs for the case, including whether categories of information may be excluded from any logging requirements and whether alternatives to document-by-document logs can be exchanged.

20. The parties are not required to include information generated on or after April 16, 2018 in their privilege logs for the case, absent a showing of good cause.

21. Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

22. Pursuant to Fed. R. Evid. 502(d), the production of privileged or work product protected information is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. Inadvertent disclosure of material protected by the attorney client privilege or the work product doctrine shall be handled in accordance with Paragraph 9 of the Stipulated Protective Order in this case.

23. **Redactions:** The Producing Party shall identify redactions clearly on the face of any TIFF image, either with "Redacted" or the redaction reason on the face of the Document if space allows (e.g.: Privilege, Voluntary Reporter). In addition, subject to paragraph 20, the Producing Party shall include all documents redacted for privilege on its privilege log. Further, only documents redacted for privilege need be included on a log.

24. **Non-Responsive/Privileged documents:** To the extent a document is part of a "document family" with a combination of responsive, privileged and/or non-responsive documents the privileged attachments will be represented in the production with a placeholder TIFF image that bears the legend "Document Withheld as Privileged" and the non-responsive attachments will be represented in the production with a placeholder TIFF image that bears the legend "Non-Responsive Document."

26. **Prior Productions:** To the extent that the Producing Party produce documents produced by the Producing Party in other civil investigations, litigations and/or administrative actions by federal (including Congressional), state or local governmental entities, such production shall be made in the format in which they were previously produced, including any previously produced metadata, load files, and accompanying text files, so long as the format would not violate other provisions of this Order. For the avoidance of doubt, however, nothing in this section should be construed to alter the parties' obligations under the Federal Rules of Civil Procedure and the

other provisions of this Order to conduct a reasonable search in response to the other party's discovery requests, and to produce those documents—and only those documents—identified as responsive, non-privileged, and discoverable. Should the Receiving Party believe such a Prior Production does not comport with this Order, the parties shall meet and confer in an attempt to address any concerns raised by the Receiving Party.

| | |
|---|---|
| Dated: February 7, 2019 | Respectfully submitted, |
| FARNAN LLP | POTTER ANDERSON &CORROON LLP |
| /s/ Brian E. Farnan<br>Brian E. Farnan (Bar No. 4089)<br>Michael J. Farnan (Bar No. 5165)<br>919 N. Market St., 12th Floor<br>Wilmington, DE 19801<br>Telephone : (302) 777-0300<br>Fax : (302) 777-0301<br>bfarnan@farnanlaw.com<br>mfarnan@farnanlaw.com<br><br>*Attorneys for Plaintiffs* | /s/ Bindu A. Palapura<br>David E. Moore (#3983)<br>Bindu A. Palapura (#5370)<br>Stephanie E. O'Byrne (#4446)<br>Jennifer Penberthy Buckley (#6264)<br>Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>Wilmington, DE 19801<br>dmoore@potteranderson.com<br>bpalapura@potteranderson.com<br>sobyrne@potteranderson.com<br>jbuckley@potteranderson.com<br><br>*Attorneys for Defendant* |

SO ORDERED, this ____ day of _____, 2019.

                                              The Honorable Colm F. Connolly