# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PAR PHARMACEUTICAL, INC., PAR STERILE PRODUCTS, LLC, and ENDO PAR INNOVATION COMPANY, LLC,<br><br>       Plaintiffs,<br><br>  v.<br><br>EAGLE PHARMACEUTICALS INC.,<br><br>       Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) )  C.A. No. 18-823-CFC<br><br>**PUBLIC VERSION** |

## LETTER TO THE HONORABLE COLM F. CONNOLLY
## FROM BINDU A. PALAPURA

OF COUNSEL:

Jay P. Lefkowitz, P.C.
Jeanna M. Wacker
Benjamin A. Lasky
Sam Kwon
Christopher J. Citro
Ashley Cade
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Tel: (212) 446-4800

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Stephanie E. O'Byrne (#4446)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
sobyrne@potteranderson.com

*Attorneys for Defendant Eagle Pharmaceuticals Inc.*

Dated: December 12, 2019
PUBLIC VERSION
Dated: December 20, 2019
6507143 / 45185



1313 North Market Street
P.O. Box 951
Wilmington, DE 19801-0951
302 984 6000
www.potteranderson.com

Bindu A. Palapura
Partner
Attorney at Law
bpalapura@potteranderson.com
302 984-6092 Direct Phone
302 658-1192 Firm Fax

December 12, 2019

**VIA ELECTRONIC FILING**

The Honorable Colm F. Connolly
United States District Judge
J. Caleb Boggs Federal Building
844 N. King Street
Unit 31, Room 4124
Wilmington, DE 19801-3555

**PUBLIC VERSION**
December 20, 2019

    Re:    *Par Pharm., Inc. v. Eagle Pharms., Inc.*, C. A. No. 18-823-CFC

Dear Judge Connolly:

This firm, with Kirkland & Ellis LLP, represents Defendant Eagle Pharmaceuticals, Inc. ("Eagle") in the above-captioned action. Pursuant to the Court's discovery procedures, we write regarding a narrow dispute that has arisen between the parties: whether Eagle may proceed with a routine third-party authentication deposition pursuant to a subpoena issued before fact discovery closed, or submit an affidavit in lieu. Because the documents Eagle seeks to authenticate are important to its counterclaims, the subpoena was timely issued, and Par can show no prejudice not of its own making, Eagle respectfully requests that the Court permit this limited discovery.

## I.    FACTUAL BACKGROUND

Par alleges that Eagle's generic vasopressin product will infringe Par's patents claiming allegedly novel vasopressin formulations. (*See generally* D.I. 1.) A key feature of the claimed formulations, according to Par, is that they are more stable than the prior art because they have a higher pH: 3.7–3.9 compared to an otherwise identical prior art formulation's pH of 3.4–3.6. (*See, e.g.*, D.I. 136 ¶¶ 182–93, 210–11.) But Eagle also recently learned through

The Honorable Colm F. Connolly                                                Page 2
December 12, 2019 – Public Version December 20, 2019

discovery from a third party—American Regent (AR)—that AR sold a formulation ██████████████████████████████████████ decades before Par's patents. It is these documents Eagle seeks to authenticate.

Eagle could not have sought the requested discovery earlier, as Par withheld key information on ████████████████████████ from Eagle for months. Over a year ago, Eagle served RFPs covering Paragraph IV (PIV)[1] notices received by Par from third parties alleging invalidity of the patents-in-suit. (Ex. A (Reqs. No. 56, 75); *see also* Ex. B (Reqs. No. 83, 84).) Such PIV notices are relevant to Eagle's counterclaims because they might identify reasons the patents-in-suit are invalid based on information not known by, or available to, Eagle. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ Despite Eagle's repeated requests for production thereof (Ex. D at 1–2; Ex. E at 1), Par withheld AR's PIV notice from Eagle for *three months*, finally producing it on Sept. 25, 2019, just one month before the close of fact discovery. (Ex. F.) Although Eagle was aware of the existence of AR's prior art product earlier and listed it in Eagle's Disclosure of Prior Art, ██████████████████████████████████████ label listed only a broad pH range of 2.5–4.5. (Ex. G at 1.)

Within days of receiving AR's PIV notice, Eagle, on October 3, 2019, served a subpoena on AR requesting further documentation regarding the ████████ ████████, such as process, manufacturing, and sales records. (Ex. H at Sched. A.) Eagle received AR's production on October 24, 2019, just four days before the close of fact discovery. (Ex. I.) *Later that day*, Eagle served a deposition subpoena with a single, narrow topic directed at authenticity and admissibility:

> The documents produced by [AR] . . . including (a) the purpose, function, and content of these documents, (b) the authenticity of these documents, and (c) the processes by which these documents are created and maintained, including [American Regent's] regular practices regarding these documents, when these documents were created, and the person(s) who prepared these documents.

---

[1] An ANDA filer seeking to market a generic product before expiry of the brand company's listed patents must serve a PIV notice explaining why it contends the patents will not be infringed, or are invalid or unenforceable. *E.g.*, 21 U.S.C. § 355(j)(2)(B).

(Ex. J at Sched. A.) On the following Monday, Eagle requested that Par consent to a brief extension of fact discovery to allow Eagle to take the AR deposition. (Ex. K at 6–7.) Par refused, asserting that "Eagle had ample time within the discovery period to subpoena [AR] and provide reasonable notice for a deposition." (*Id.*) When Eagle pointed out that the timing of the AR deposition was out of its control and primarily due to Par's belated production of AR's PIV notice, Par still refused, arguing it "would not have an opportunity within the fact discovery period to conduct any follow-up discovery." (*Id.* at 4–5.) Eagle then asked whether Par would agree to an AR affidavit in accordance with Federal Rules of Evidence 803(6) and 902(11) in lieu of a deposition. (*Id.* at 3.) Par waited a week to respond before stating it would not agree. (*Id* at 1.) The parties have met-and-conferred but have not been able to reach agreement. (*See* Averment of Counsel.)

Since then, Eagle has reached agreement-in-principle with AR for it to provide a sworn affidavit in lieu of a deposition.

## II. ARGUMENT

In deciding whether to permit third party discovery after the fact discovery close, courts in this District have considered certain "good cause" factors: (1) timeliness of the discovery, (2) breadth of the discovery, (3) proportionality of the discovery to the needs of the case, (4) diligence of the requesting party, and (5) prejudice to the other party. *E.g.*, *Evolved Wireless, LLC v. Apple Inc.*, C.A. No. 15-542-JFB-SRF, slip op. at 5–6 (D. Del. Nov. 27, 2017) (Ex. L). Eagle has good cause here.

***First***, Eagle timely served its subpoena before close of fact discovery. *See Takeda Pharm. U.S.A., Inc. v. W.-Ward Pharm. Corp.*, C.A. No. 14-1268-RGA-SRF (D. Del. Apr. 12, 2018) (Ex. M) ("[T]he March 8, 2018 subpoena fell within this deadline, and was therefore timely."). ***Second***, the discovery sought is narrow, seeking only the minimum information necessary to establish authenticity and admissibility. *See Evolved*, slip op. at 5 ("Good cause exists to permit the third-party deposition of Qualcomm because the deposition testimony sought is narrow in scope.").

***Third***, the requested discovery is proportional to the needs of the case. The AR documents are important to Eagle's case. Although Eagle is confident it will prevail on non-infringement based on its ANDA specifications, Par has maintained its infringement allegations ████████████████████████████████████████ ████████████████████████████████████████████████████ While Eagle believes these allegations are meritless, it still will need to defend against them,

including proceeding on its invalidity counterclaims. ▮ ▮ If Eagle cannot establish the AR documents are authentic and admissible, Par will no doubt object to their use at trial. This could leave Eagle without the benefit of strong, and perhaps dispositive, prior art. This would provide Par with an unfair and undeserved windfall based on its own dilatory conduct in withholding the AR PIV notice until the eve of the close of fact discovery. Par's gamesmanship should not be rewarded in this manner.

***Fourth***, Eagle diligently pursued the requested discovery. Eagle served its document subpoena on AR within days of receiving the belatedly produced AR PIV notice, and served its deposition subpoena on ***the same day*** it received AR's documents. Contrary to Par's bald assertion, there is simply no way that Eagle could have been more diligent. *See, e.g., Int'l Bus. Machs. Corp. v. Priceline Grp. Inc.*, C.A. No. 15-137-LPS, slip op. at 2 (D. Del. Nov. 8, 2016) (Ex. N) (defendant diligent where subpoena served "just a few days after [plaintiff's corporate representative] stated during his deposition that [the subpoenaed witness] could answer questions").

***Finally***, Par cannot claim prejudice from a routine authentication affidavit. Eagle provided invalidity contentions on the AR documents before close of fact discovery and included them in opening expert reports served on November 15, 2019. Par is thus well-aware of Eagle's contentions and has ample time to respond. To the extent Par contends it will be prejudiced by being unable to conduct follow-up discovery, or requests that grant of Eagle's request be conditioned on its ability to take follow-up discovery, that is prejudice of Par's own making. ▮ yet never sought discovery on it, even when Eagle served its own subpoena a month before fact discovery closed and to this date, more than two-and-a-half months later. Instead, Par strategically chose to focus its efforts on preventing Eagle from relying on AR's prior art product at trial. Had Par timely produced the AR PIV notice, served its own discovery, and/or allowed the AR deposition to proceed, it could have taken any follow-up discovery it needed weeks, if not months, ago. Furthermore, any backdoor request for follow-up discovery in Par's answering brief at this late stage, in the midst of expert discovery, would prejudice Eagle, and jeopardize the case schedule. Par should not be rewarded for its poor strategic choices.

### III.    CONCLUSION

For the foregoing reasons, Eagle respectfully submits that the Court should grant its request to take limited, third party authentication discovery from AR.

The Honorable Colm F. Connolly　　　　　　　　　　　　　　　　　Page 5
December 12, 2019 – Public Version December 20, 2019

              Respectfully,

              */s/ Bindu A. Palapura*

              Bindu A. Palapura

BAP/msb/6522630/45185

Enclosures
cc: Clerk of the Court (via hand delivery)
   Counsel of Record (via electronic mail)