IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PAR PHARMACEUTICAL, INC., PAR STERILE PRODUCTS, LLC, and ENDO PAR INNOVATION COMPANY, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>EAGLE PHARMACEUTICALS INC.,<br><br>Defendant. | C.A. No. 18-823-CFC |

**STIPULATION OF DISMISSAL OF CLAIMS OF THE '239, '223, AND '478 PATENTS**

Plaintiffs Par Pharmaceutical, Inc., Par Sterile Products, LLC, and Endo Par Innovation Co., LLC (collectively, "Par") and Defendant Eagle Pharmaceuticals Inc. ("Eagle"), by and through their respective counsel, hereby stipulate and agree as follows:

1. Pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, all claims, counterclaims and defenses asserted by the parties in this action relating to U.S. Patent Nos. 9,744,239 (the "'239 patent"), 9,937,223 (the "'223 patent"), and 9,375,478 (the "'478 patent") shall be dismissed as follows:

   a. Count I, Count II, and Count III of Par's Complaint (for infringement of the '239, '223, and '478 patents) shall be dismissed with prejudice.

   b. Eagle's First Counterclaim (for noninfringement of the '478 patent), Second Counterclaim (for invalidity of the '478 patent), Seventh Counterclaim (for non-infringement of the '239 patent), Eighth Counterclaim (for invalidity of the '239 patent), Eleventh Counterclaim (for noninfringement of the '223 patent), Twelfth

1

Counterclaim (for noninfringement of the '223 patent), and Sixteenth Counterclaim (for unenforceability of the '239 patent) shall be dismissed without prejudice as moot.

2. Nothing in this Stipulation is intended to be or shall be deemed to be an admission as to any disputed fact between the parties relating to any of the remaining claims, counterclaims or defenses in this action, or to bar a party from seeking to prove any predicate facts in support thereof. The parties do not waive and expressly reserve their respective rights with respect to the remaining claims and counterclaims asserted in this action (and any defenses thereto) and any present or future patents or patent applications not at issue in this action, including without limitation their respective contentions regarding the infringement/non-infringement, validity/invalidity, and enforceability/unenforceability of the remaining patents in suit and any claim for attorneys' fees.

3. This Stipulation also shall not affect Eagle's ability to claim costs and attorney fees under 35 U.S.C. § 285 or otherwise based on Par's assertion of the '239 patent, '223 patent, and '478 patent against Eagle in this action. This Court retains jurisdiction for the purpose of considering Eagle's request for costs and attorney fees based on Par's assertion of the '239 patent, '223 patent, and '478 patent against Eagle.

4. For the avoidance of doubt, nothing herein prohibits or is intended to prohibit Eagle from maintaining "Paragraph IV Certifications" pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) with respect to the '239 patent, '223 patent, and '478 patent.

Dated: December 20, 2019

FARNAN LLP

/s/ Brian E. Farnan
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)

Respectfully submitted,

POTTER ANDERSON &CORROON LLP

/s/ Bindu A. Palapura
David E. Moore (#3983)
Bindu A. Palapura (#5370)

| | |
|---|---|
| 919 N. Market St., 12th Floor<br>Wilmington, DE 19801<br>Telephone : (302) 777-0300<br>Fax : (302) 777-0301<br>bfarnan@farnanlaw.com<br>mfarnan@farnanlaw.com<br><br>*Attorneys for Plaintiffs* | Stephanie E. O'Byrne (#4446)<br>Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>Wilmington, DE 19801<br>dmoore@potteranderson.com<br>bpalapura@potteranderson.com<br>sobyrne@potteranderson.com<br><br>*Attorneys for Defendant* |

IT IS SO ORDERED, this \_\_\_\_ day of December, 2019.

_____
The Honorable Colm F. Connolly