# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PAR PHARMACEUTICAL, INC., ) <br> PAR STERILE PRODUCTS, LLC, and ) <br> ENDO PAR INNOVATION ) <br> COMPANY, LLC, ) <br>  ) <br> Plaintiffs, ) <br>  ) <br> v. ) <br>  ) <br> EAGLE PHARMACEUTICALS INC., ) <br>  ) <br> Defendant. ) | C.A. No. 18-823-CFC <br><br> **PUBLIC VERSION** |

## LETTER TO THE HONORABLE COLM F. CONNOLLY
## FROM BINDU A. PALAPURA

OF COUNSEL:

Jay P. Lefkowitz, P.C.
Jeanna M. Wacker
Benjamin A. Lasky
Sam Kwon
Christopher J. Citro
Ashley Cade
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY  10022
Tel:  (212) 446-4800

Bryan S. Hales
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL  60654
Tel:  (312) 862-2000

Dated:  April 17, 2020
6664840 / 45185
Public Version Dated: April 24, 2020

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Stephanie E. O'Byrne (#4446)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  19801
Tel:  (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
sobyrne@potteranderson.com

*Attorneys for Defendant Eagle Pharmaceuticals Inc.*



1313 North Market Street
P.O. Box 951
Wilmington, DE 19801- 0951
302 984 6000
www.potteranderson.com

Bindu A. Palapura
Partner
Attorney at Law
bpalapura@potteranderson.com
302 984-6092 Direct Phone
302 658-1192 Firm Fax

April 17, 2020
Public Version Dated: April 24, 2020

**<u>VIA ELECTRONIC FILING</u>**
The Honorable Colm F. Connolly
United States District Judge
J. Caleb Boggs Federal Building
844 N. King Street
Unit 31, Room 4124
Wilmington, DE 19801-3555

      Re:    *Par Pharm., Inc. v. Eagle Pharms., Inc.*, C.A. No. 18-823-CFC

Dear Judge Connolly:

      Eagle respectfully requests leave to move for summary judgment of noninfringement, because █████████████████████████████████████.[1] The motion would resolve all remaining infringement claims.

      In a typical ANDA case such as this, the alleged infringer's product is not FDA-approved or marketed. Therefore, "[t]he relevant inquiry is whether the patentee has proven by a preponderance of the evidence that the alleged infringer ***will likely*** market an infringing product." *Glaxo, Inc. v. Novopharm, Ltd.*, 110 F.3d 1562, 1569 (Fed. Cir. 1997). Par cannot meet its burden for two independent reasons.

      ***First***, when an ANDA "directly addresses the question of infringement" by specifying a parameter outside the claim limitations, it "mandates a finding of no literal infringement." *Bayer AG v. Elan Pharm. Research Corp.*, 212 F.3d 1241, 1249 (Fed. Cir. 2000). In those circumstances, "'[b]ecause drug manufacturers are bound by strict statutory provisions to sell only those products that comport with the ANDA's description of the drug,' the ANDA itself dominates the analysis." *Ferring B.V. v. Watson Labs., Inc.-Florida*, 764 F.3d 1401, 1408 (Fed. Cir. 2014) (citation

---

[1] Par has not asserted infringement under the doctrine of equivalents.

omitted). And the ANDA can be approved only if the applicant demonstrates its product will comply with its specifications. *See* 21 C.F.R. § 314.127(a); *Bayer*, 212 F.3d at 1249-50.

*Bayer* is instructive. The ANDA there required a "specific surface area ('SSA')" outside the claimed range. 212 F.3d at 1244. The Federal Circuit affirmed the district court's grant of summary judgment because the defendant could not legally sell an infringing product under its specification, and therefore the "ANDA mandate[d] a finding of no literal infringement." *Bayer*, 212 F.3d at 1249-50.

Here, ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ Eagle's ANDA does not allow the sale of an infringing product and therefore "mandates a finding of no infringement." *Bayer*, 212 F.3d at 1249.

Notably, the patentee in *Bayer* argued that testing data showed the defendant's SSA could decrease, calling into question its ability "to comply with its SSA specification and thus produce a noninfringing product." 212 F.3d at 1348. The Federal Circuit disagreed, stating those were "not ***material*** factual issues because [the Act] prohibits [the defendant] from selling any product that does not meet its ANDA's requirements," with severe penalties for non-compliance. *Id.* at 1250.

A similar result was reached in *In re Brimonidine Patent Litigation* ████ ████ he defendant's ANDA specified a pH outside the claimed range. 643 F.3d 1366, 1376-77 (Fed. Cir. 2011). The district court found infringement based on stability data showing a pH change over time. *Id.* at 1377. But the Federal Circuit reversed, stating "[w]e cannot assume that [the defendant] will not act in full compliance with its representations to the FDA." *Id.* at 1378.

Any reliance by Par on Eagle's data likewise should be rejected.[2]

---

[2] In a successor case to *Bayer*—*Bayer AG v. Biovail Corp.*, 279 F.3d 1340 (Fed. Cir. 2002)—the court looked beyond the ANDA only because testing of the "***actual commercial product***" approved and being sold showed infringement. *Id.* at 1349. Therefore, the court did "not ask what [defendant] will likely market, but what [defendant] has ***actually marketed***." *Id.* Not so here, where Eagle is not yet selling its ANDA product, and its ANDA controls. *Bayer*, 212 F.3d at 1249.

*Second*, even if Eagle's ANDA did not control, ███████████████
███████████████████████████████████████████████████████████
(CSF, ¶¶18-19, 29, 36, 41.) ███████████████████████████████
███████████████████████████████████████████████ (CSF, ¶¶15, 22-23, 35, 40.) ███████████████████████ (CSF, ¶¶42.)

Nevertheless, Par speculates that Eagle's product █████████████
█████████████████████████████████████████████████████████.
(CSF, ¶32.) But Par cannot carry its burden with such speculation. *Ferring*, 764 F.3d at 1409-10. In *Ferring*, "the ANDA specification [did] not itself resolve the question of infringement," so it was necessary to look to testing data. *Id.* at 1409. The district court found infringement based on four test results meeting the claims out of hundreds. *Id.*

The Federal Circuit reversed, calling those results "outliers" and rejecting that "reliance on such anomalies proves infringement by a preponderance of the evidence." *Id.* at 1409–10. So too here. To support its speculation, Par points to ███████████████████████████████████████████████████████
█████████████████████████████████ (CSF, ¶32.) ███████████
██████████████████████████████████████████ (CSF, ¶30.) As in *Ferring*, this ███████████████████ cannot support a finding that Eagle will "likely market an infringing product." *Glaxo,* 110 F.3d at 1570; *see Ferring*, 764 F.3d at 1409-10.[3]

For these reasons, Par cannot meet its burden of proving infringement as a matter of law, and Eagle respectfully requests leave to move for summary judgment on these bases.

---

[3] Any argument that "the FDA will require [Eagle] to amend [its] ANDA[] at some unspecified point in the future" also cannot avoid summary judgment. *AstraZeneca Pharm. LP v. Apotex Corp.*, 669 F.3d 1370, 1380–81 (Fed. Cir. 2012); *see also Par Pharm., Inc. v. Luitpold Pharm., Inc.*, 2017 WL 452003, at *6 (D.N.J. Feb. 2, 2017) (granting judgment on the pleadings and rejecting Par's infringement theory based on "speculation that future, uncertain amendments to [defendant's] ANDA will infringe Par's patents").

        Respectfully,

        */s/ Bindu A. Palapura*

        Bindu A. Palapura

BAP:nmt/6664840/45185

cc:    Clerk of the Court (via hand delivery)
       Counsel of Record (via electronic mail)