

June 9, 2021

**<u>Via E-Filing</u>**
The Honorable Colm F. Connolly
J. Caleb Boggs Federal Building
844 N. King Street
Room 4124; Unit 31
Wilmington, DE 19801-3555

        RE:   ***Par Pharmaceutical Inc., et al. v. Eagle Pharmaceuticals Inc.***
               <u>C.A. No. 18-cv-823-CFC-JLH</u>

Dear Judge Connolly:

We are reluctant to burden the Court with additional correspondence but wish to point out the following in relation to Eagle's second letter of June 8, 2021.

First, we mistakenly assumed that Eagle was performing an animal study, rather than ▌▌▌▌▌▌▌▌▌ Eagle has confirmed the salient point though, which is that it is still in the process of completing a study necessary to resubmit its ANDA to the FDA. Indeed, another week has passed since Eagle's CEO said that it would be reporting the results of the study "any day now." We were unclear as to the details of the study because Eagle has not produced the testing data it has – even though we have had one trial delay due to Eagle's failure to produce information relating to its ANDA on a timely basis.

Second, both Par counsel on a meet and confer call with Eagle counsel recall discussing whether Eagle would be willing to limit changes to the manufacturing protocol in the ANDA. We believe the word "module" was used, but nothing turns on the question in any event, as Eagle certainly knows that an ANDA is organized in modules. Eagle was unwilling to make a commitment not to change the manufacturing process in the ANDA. Its letter to the Court bears out that position.

Third, with respect to invalidity, the parties have been ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌ Two days ago, he informed us that Eagle wanted to proceed with invalidity, which of course, is its right. In yesterday's letters, he implied some impropriety in discussing the issue. We are perplexed.

Finally, with respect to the FDA filings, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ that will be intravenously injected into the bloodstream of critically-ill patients. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ we have a better sense of what the generics are facing and ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Eagle's past predictions of imminent approval have proven to be less than reliable. Of course, only time will tell if the FDA finds Eagle's forthcoming amendments satisfactory. We have proposed submission of the injunction issue to the Magistrate Judge as a failsafe in case it is us, rather than Eagle, that is mistaken this time around.

Finally, Eagle's letters go far beyond discussing scheduling, making numerous arguments on the merits, slinging pejorative rhetoric, boasting about what it intends to prove at trial, etc. We will answer those assertions in the courtroom, not in correspondence over scheduling.

                                                              Respectfully submitted,

                                                              /s/ Brian E. Farnan

                                                              Brian E. Farnan

cc: Counsel of Record (Via E-Mail)