**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| PAR PHARMACEUTICAL, INC., PAR STERILE PRODUCTS, LLC, and ENDO PAR INNOVATION COMPANY, LLC, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | C.A. No. 18-823-CFC-JLH |
| | ) | |
| v. | ) ) | |
| | ) | |
| EAGLE PHARMACEUTICALS INC., | ) | |
| | ) | |
| Defendant. | ) | |

**STIPULATION OF DISMISSAL OF CLAIMS OF THE '526 PATENT**

Plaintiffs Par Pharmaceutical, Inc., Par Sterile Products, LLC, and Endo Par Innovation Co., LLC (collectively, "Par") and Defendant Eagle Pharmaceuticals Inc. ("Eagle"), by and through their respective counsel, hereby stipulate and agree as follows:

1.      Pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, all claims, counterclaims and defenses asserted by the parties in this action relating to U.S. Patent No. 9,687,526 (the "'526 patent") shall be dismissed as follows:

a.      Count IV of Par's Complaint (for infringement of the '526 patent) shall be dismissed with prejudice.

b.      Eagle's Third Counterclaim (for noninfringement of the '526 patent), Fourth Counterclaim (for invalidity of the '526 patent) and Thirteenth Counterclaim (for unenforceability of the '526 patent) shall be dismissed without prejudice as moot.

2.      Nothing in this Stipulation is intended to be or shall be deemed to be an admission as to any disputed fact between the parties relating to any of the remaining claims, counterclaims or defenses in this action, or to bar a party from seeking to prove any predicate facts in support

1

thereof. The parties do not waive and expressly reserve their respective rights with respect to the remaining claims and counterclaims asserted in this action (and any defenses thereto) and any present or future patents or patent applications not at issue in this action, including without limitation their respective contentions regarding the infringement/non-infringement, validity/invalidity, and enforceability/unenforceability of the remaining patents in suit and any claim for attorneys' fees.

3.       This Stipulation also shall not affect the parties' ability to seek costs and attorney fees under 35 U.S.C. § 285 or otherwise based on any litigation conduct relating to the assertion of any claims or counterclaims relating the '526 patent.

4.       For the avoidance of doubt, nothing herein prohibits or is intended to prohibit Eagle from maintaining a "Paragraph IV Certification" pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) with respect to the '526 patent.

Dated: June 21, 2021                                 Respectfully submitted,

FARNAN LLP                                            POTTER ANDERSON &CORROON LLP

/s/ Brian E. Farnan                                  /s/ David E. Moore
Brian E. Farnan (Bar No. 4089)                       David E. Moore (#3983)
Michael J. Farnan (Bar No. 5165)                     Bindu A. Palapura (#5370)
919 N. Market St., 12th Floor                        Stephanie E. O'Byrne (#4446)
Wilmington, DE 19801                                 Hercules Plaza, 6th Floor
Telephone : (302) 777-0300                           1313 N. Market Street
Fax : (302) 777-0301                                 Wilmington, DE 19801
bfarnan@farnanlaw.com                                dmoore@potteranderson.com
mfarnan@farnanlaw.com                                bpalapura@potteranderson.com
                                                     sobyrne@potteranderson.com

*Attorneys for Plaintiffs*
                                                     *Attorneys for Defendant*

IT IS SO ORDERED, this ____ day of June, 2021.


                                        _____
                                             The Honorable Colm F. Connolly

2